IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER SHANE LANGSTON,

    Plaintiff,                    No. CIV S-10-2196 EFB P

    vs.

CLAUDIA FINN, et al.,

    Defendants.               <u>ORDER</u>

_____/

       Walter Shane Langston, an inmate confined at Avenal State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       On October 27, 2010, this court dismissed the complaint with leave to amend after reviewing it pursuant to 28 U.S.C. § 1915A. Dckt. No. 14. The court concluded that it was impossible to discern from the facts alleged in the complaint how plaintiff believed that his constitutional rights had been violated. Plaintiff has now filed an amended complaint. Dckt. No. 6, and the court must again screen the pleading under § 1915A.

////

1        Under that statute, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

       A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. *Id.* at 1950.

       The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

////

42 U.S.C. § 1983. An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)

The court has reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and again finds that plaintiff has failed to state a cognizable claim.

The amended complaint attempts to address the concerns raised in the court's initial screening order, but is again difficult to comprehend. Having carefully reviewed the amended complaint and the 70-odd pages of documents attached thereto, the court has pieced together the following facts.

In 2001, plaintiff was convicted of first degree burglary and receiving stolen property. *People v. Langston*, 33 Cal.4th 1237, 1240 (2004).[1] The trial court found that plaintiff had served three prior prison terms within the meaning of one of the state's recidivist sentencing statutes (California Penal Code § 667.5(b)). *Id.* It imposed the upper term of six years for the burglary, the upper term of three years for the receipt of stolen property (stayed under California Penal Code § 654), and three consecutive one-year terms for the prior prison terms, pursuant to Penal Code § 667.5(b). *Id.* The court stayed one of the one-year enhancements, however, because it found that one of plaintiff's prior prison terms was imposed for an escape conviction sustained while serving a different prison term, and it was thus unclear to the court whether those prior prison terms were "separately served" within the meaning of § 667.5(b). *Id.* at 1241. Accordingly, plaintiff received an aggregate sentence of eight years. Dckt. No. 15, Am. Compl. at 1.

////

---

[1] The court takes judicial notice of the California Supreme Court decision in plaintiff's case, *People v. Langston*, 33 Cal.4th 1237 (2004). Fed. R. Evid. 201.

3

On August 10, 2004, plaintiff was issued a "Notice and Conditions of Parole" indicating that he would be paroled on February 16, 2005. *Id.* at 10. A short time later, the California Supreme Court determined that the trial court had erred in staying the one-year enhancement for the escape conviction and ordered that plaintiff be resentenced, essentially to add that year back, giving plaintiff a nine-year aggregate term. *Langston*, 33 Cal.4th 1237. During the time between the California Supreme Court's decision and the issuance of the remittitur to the Sacramento County Superior Court for resentencing, prison officials were left in a quandary as to whether to release plaintiff on parole on February 16, 2005 as planned. *See* Dckt. No. 14 at 13 (notes from defendant George, a Correctional Case Record Analyst, documenting communications with the California Court of Appeal and the Sacramento County District Attorney's office in which George attempted to determine whether the D.A. would "place a hold" on plaintiff); *id* at 14 (notes from defendant Brown, also a Correctional Case Record Analyst, documenting communications with defendant Deputy District Attorney Ruanne Dozier, in which defendant Dozier requested that a hold be placed on plaintiff). After communicating with the Sacramento County District Attorney's Office, prison authorities placed a "hold" on plaintiff on February 15 or 16, 2005. *Id.* Also on February 15, 2005, the Sacramento County Superior Court issued a "Resentencing Hold," noting that it had received the remittitur on January 3, 2005 and would resentence plaintiff on March 11, 2005, and ordering the California Department of Corrections to hold plaintiff in its custody pending resentencing. *Id.* at 18. Plaintiff was issued a notice of detainer on February 15, 2005. *Id.* at 22.

For unknown reasons, however, plaintiff was released on parole before being resentenced, apparently on February 18, 2005. *Id.* at 32-33, 49, 56. On April 15, 2005, defendant Swanson, a parole officer, suspended plaintiff's parole and issued a warrant due to his alleged failure to comply with several parole conditions, despite plaintiff's attempts to convince her that he was not technically on parole. *Id.* at 3-4, 26-38. Plaintiff was arrested on May 3, 3005 on the parole warrant. *Id.* Parole was formally revoked following a hearing on June 3,

1    2005, and plaintiff was ordered to return to custody for nine months. *Id.* at 29-36.

2    Meanwhile, on May 13, 2005, the Superior Court resentenced plaintiff in accordance
3    with the California Supreme Court's ruling, adding one year to plaintiff's sentence. *Id.* at 40-52.
4    (It is not clear why the resentencing did not take place on March 11, 2005, as previously
5    scheduled.) At the sentencing hearing, plaintiff stated that he had been earning time credits
6    before his erroneous release under which he was required to serve only half of his sentence, but
7    that, because of the release, his eligibility for "half-time" would stop and he would have to serve
8    a longer period on the one-year additional sentence than he would have if he had not been
9    released. *Id.* at 48-51. The court told plaintiff it would not be involved in the computation of
10   time credits other than presentence credits. *Id.*

11   On September 6, 2005, Correctional Case Records Analyst Karen Clinton signed a
12   "Miscellaneous Decision" dismissing the parole revocation charges against plaintiff because "the
13   Parole Authority did not have jurisdiction to hear the case." *Id.* at 55. Plaintiff then filed a
14   request for correction of time credit in the Superior Court, asking that he be credited with the 78
15   days he spent on the erroneous parole release. *Id.* at 60. The court denied the request, because
16   "[t]ime served on parole does not qualify as pre-sentence custody credit; therefore, the Court
17   cannot grant Defendant any additional pre-sentence credit on that basis. Any claim that the 78
18   days should be credited to a later period of parole must be resolved with the Department of
19   Corrections and Rehabilitation ["CDCR"], which has authority over parole." *Id.* The Board of
20   Parole Hearings similarly referred plaintiff to CDCR for any complaint about date calculations.
21   *Id.* at 64.

22   While the court has been able to piece together the foregoing facts from the amended
23   complaint and appended documents, it remains somewhat unclear how plaintiff believes his
24   federal rights were violated. One potential grievance the court can discern from the complaint is
25   that plaintiff may believe he was deprived of a liberty interest in time credits – either for "half-
26   time" or for credit for the 78 days he spent released – in violation of the Due Process Clause. If

5

that is plaintiff's claim, the court cannot adjudicate it in this civil rights action under § 1983 unless the denial of time credits has been invalidated, because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). "[I]n order to recover damages for allegedly unconstitutional . . . imprisonment, or for any other harm caused by actions whose unlawfulness would render a . . . sentence invalid, a § 1983 plaintiff must prove that the . . . sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff has made no showing that any denial of time credits has been invalidated; in fact, the attachments to the complaint indicate that plaintiff has been unsuccessful in his attempts to acquire additional time credits.

Plaintiff also appears to argue that the conditions placed on his erroneous release violated due process because he should have never been released. However, if plaintiff had not been released with conditions, he would have remained incarcerated, a much greater restraint on his liberty than release on parole. *See Morrissey v. Brewer*, 408 U.S. 471, 481-82 (finding that the liberty enjoyed by a parolee "includes many of the core values of unqualified liberty" and provides greater freedom than confinement in prison). Thus, plaintiff's erroneous release did not deprive him of liberty, but rather granted him increased liberty to which he was apparently not entitled. Such facts cannot support a claim of denial of due process.

Despite being provided an opportunity to do so, plaintiff has failed to state a cognizable claim. Accordingly, it is hereby ORDERED that the complaint is dismissed without leave to amend and the Clerk is directed to CLOSE the case.

Dated: March 2, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE